## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TROY JONES** | : | **CONSOLIDATED CIVIL ACTION** |
| | : | |
| **v.** | : | **NO. 25-2260** |
| | : | |
| **MONTGOMERY COUNTY, JULAO** | : | |
| **ALGARIN, THOMAS BERGER,** | : | |
| **MARCY D'ORAZIO, MICHAEL** | : | |
| **GORDON, GARY HENDLER, NANCY** | : | |
| **WELMAN, MATT MONCAVO,** | : | |
| **WARDEN SEAN MCGEE, SEAN P.** | : | |
| **SMITH** | : | |

## <u>ORDER</u>

**AND NOW**, this 22nd day of July 2025, following our extensive screening of the incarcerated Plaintiff's three sets of largely duplicative allegations consolidated under our July 18, 2025 Order (ECF 15), having granted him leave to proceed without paying the filing fees (ECF 12), noting his claims arise entirely from his challenge to a finding he violated his work release condition as part of his plea to a burglary charge in state court and his concerns with his lawyer's representation in the underlying state court case but noting he now sues a variety of persons not liable under the civil rights or under the Federal Torts Claim Act as there is no federal employee involvement in any claim, and for reasons in today's accompanying Memorandum, it is **ORDERED** we:

1. **DISMISS** Plaintiff's consolidated complaint:

     a.    **With prejudice** as to all allegations against the United States and the state actors under the Federal Torts Claim Acts or a civil rights violation under *Bivens* as he cannot, as a matter of law, state a claim against these persons for conduct arising entirely out of a state court judge's decision to place him on work release arising from his guilty plea to a burglary charge, the

alleged violation of those conditions, and his present incarcerated status relative to his lawyer's representation;

      b.    **With prejudice** as to claims against the Montgomery County Correctional Facility, the Montgomery County District Attorney, and Montgomery County Public Defender because they are not persons under section 1983;

      c.    **With prejudice** as to all claims against his former counsel John Pavloff, Esq. and The Law Firm LLC Practices of Laurie Juberlirer as neither are state actors under section 1983 and he cannot state a federal claim arising from the representation but **without prejudice** to pursue state law claims against counsel or for *habeas* relief, if warranted after exhaustion, through the state court process;

      d.    **With prejudice** as to "Montgomery County Employees" and "Montgomery County Correctional Facility Employees" but **without prejudice** to file an amended Complaint against John Doe or Jane Doe state actors in their individual capacities alleging their personal involvement in the alleged constitutional violations within the time indicated in paragraph (e) below;

      e.    **Without prejudice** as claims asserted against Montgomery County for an unconstitutional policy or custom allegedly causing constitutional harm and individual Defendants Julao Algarin, Thomas Berger, Marcy D'Orazio, Michael Gordon, Gary Hendler, Nancy Welman, Matt Moncavo, Warden Sean McGee, and Sean P. Smith in their individual capacities (having dismissed with prejudice all official capacity claims against Defendants) for a possible constitutional violation arising from the placement of the GPS bracelet as part of a condition of work release allowing Plaintiff leave to file an amended Complaint based solely upon civil rights claims against state actors subject to his good faith understanding of the facts by no later than **August 22, 2025** or we will direct the Clerk of Court to close this case;

2.    **Amend** the caption as above to reflect parties not dismissed with prejudice; and,

3.    **Direct** the Clerk of Court to send Mr. Jones a copy of the Court's standard form for filing of a Prisoner Complaint for violation of civil rights with the above case number for use in filing a timely amended Complaint consistent with paragraph 1.e. of this Order.

**KEARNEY, J.**